798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SOCIALIST WORKERS PARTY; et al., Plaintiffs-Appellants,
v.
Richard H. AUSTIN, Michigan Secretary of State; et al.,
Defendants-Appellees.
 No. 84-1674.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1986.
 
 Before CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The complaint involved in this case was filed on September 11, 1984, and it alleged that the Socialist Workers Party and its candidates were being denied a position on the November 1984 ballot in violation of their constitutional rights. Specifically, the plaintiffs-appellants asserted that they had been denied due process because they had not been notified of a new signature validation procedure prior to having submitted their signature petitions, and because they did not have adequate time to verify the signatures which had been challenged by the Michigan Board of State Canvassers. The complaint also alleged that the events complained of had infringed on the right to vote and the right to participate in the political process. The relief requested included a preliminary and permanent injunction to prevent the Board from withholding certification, as well as attorneys' fees, costs and expenses.
 
 
 2
 On September 14, 1984, the District Court for the Eastern District of Michigan denied the appellants' request for a preliminary injunction. The court reasoned that the appellants failed to show a strong likelihood of success on the merits, and that substantial harm would result from adding the appellants to the November ballot since absentee voters would be disenfranchised by printing delays.
 
 
 3
 The appellants filed a notice of emergency appeal from the district court's denial of injunctive relief on September 18, 1984. On appeal, the appellants argued to this court that their due process rights had been violated and that they had demonstrated a sufficient number of valid signatures to satisfy the statutory requirement. The appellants urged that taking a random sample of signatures did not result in an accurate assessment of valid signatures.
 
 
 4
 On September 20, 1984, this court determined that the validation of petition signatures which had been completed was inconclusive; that the court could not determine whether the appellants had or had not satisfied the statutory requirements. As a result, this court issued an injunction against printing the ballots and ordered the Board to validate all signatures, or a sufficient number of signatures, to determine whether the appellants had obtained the statutory minimum. We further ordered that the appellee was to submit a report of its findings on September 25, 1984.
 
 
 5
 The appellees immediately filed a motion to reconsider the court's order, arguing that it would be physically impossible to verify the large number of signatures in the time period allotted. Upon consideration of this motion, the court modified its previous order on September 21, 1984. This order specified that the ballots could be printed, but only if the Socialist Workers party and its respective candidates appeared on the ballots. Since this is what in fact occurred, the appellants effectively received the relief they requested on appeal: placement on the November 1984 ballot.
 
 
 6
 Subsequent to that motion, this court contacted the appellants to determine why the appeal should not be dismissed for want of prosecution and failure to file the necessary fees. In response, the appellants filed a motion requesting that their appeal be held in abeyance or the action be remanded to the district court with directions to vacate its decision as being moot. After the payment of filing fees, this court, in responding to the appellants' arguments and the appellee's opposition thereto, denied this motion and determined that the issues should be resolved on appeal.
 
 
 7
 Now that this case is before us in a posture allowing for more thorough review, we are convinced that we lack jurisdiction to decide any of the issues which are asserted before this court. The only issue that was appealed was the denial of temporary injunctive relief and such relief was granted. The district court has yet to consider the merits of the underlying claims or to determine whether a permanent injunction should issue or attorneys' fees should be awarded. Therefore, there is no final order for this court to review. Further, we wish to point out that the question of whether these claims are moot should be addressed by the district court in the first instance. This court's earlier order should not be considered as dispositive on this issue, nor even as an indication on how this court would rule in the future.
 
 
 8
 Accordingly, this case is REMANDED to the district court for further proceedings.